# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-293-H

**CONNIE MARSHALL**                                                                                      **PLAINTIFF**

**v.**

**CBS PERSONNEL** *et al.*                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Fully briefed, this matter is ripe for decision. For the reasons set forth below, the Court will grant Defendants' motion and dismiss this action.

### I.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In turn, Federal Rule of Civil Procedure 8(a)(2) states that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy Rule 8 a plaintiff must allege enough facts to "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff must "nudge [her] claims across the line from conceivable to plausible." *Id.* In *Twombly* the Supreme Court emphasized that: "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

Two weeks after *Twombly*, the United States Supreme Court decided *Erickson v. Pardus*, 551 U.S. 89 (2007). In *Erickson* the Supreme Court reminded lower courts of the liberal pleading standards: "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson,* 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

Following *Erikson*, the Sixth Circuit expressed some confusion regarding the scope of *Twombly*. *See Weisbarth v. Geauga Park Dist.*, 499 F.3d 538 (6th Cir. 2007). Accordingly, the Sixth Circuit has chosen to "read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).

Just recently, however, the Supreme Court clarified that *Twombly* is to be applied to all civil cases: "[t]hough *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and applicable of Rule 8 . . . that Rule in turn governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'" *Ashcroft v. Iqbal*, --U.S.-- 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868, 887 (2009).

The Supreme Court explained that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. This is because "the tenet that a court must a accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at

2

1949. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations." *Id.* at 1950. A lower court can then consider "the factional allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1940. In the context of discrimination, to satisfy Rule 8, a plaintiff's complaint must "nudge" the claim of invidious discrimination "'across the line from conceivable to plausible.'" *Id.* (citing *Twombly*, 550 U.S. at 570).

With this framework in mind, the Court now turns to the Defendants' motion to dismiss.

## II.

The Court begins its analysis with Plaintiff's complaint. Plaintiff filed her complaint on a court-approved general complaint form. In the section of form asking Plaintiff to list her "grounds for filing this case in Federal Court," Plaintiff wrote: "racism and conspiracy resulting in an illegal termination." In an attached affidavit, she explained her claim as follows:

> On Monday September 24, 2007, I received an email from Dr. Lauri Andress, Director for Center for Health Equity . . . the email stated that Kelly Services (which was the temporary service that hired me) would no longer have the contract with Center for Health Equities and it was being awarded to CBS Personnel. I contacted Tony in Personnel at Kelly Services and he stated that he did not really know what was going on. On Thursday September 27, 2007, in the staff meeting . . . Dr Lauri Andress stated that I needed to go ahead and register with CBS because now they have decided that CBS personnel will be taking over the contract on Monday, October 1, 2007, and I stated that I would go to CBS at 9:00 a.m. Friday, September 28, 2007, to register and then I would report to work, as I wanted to stay with Center for Health Equity and Dr. Lauri Andress and the staff at Center for Health Equity wanted me to stay.
>
> On Friday, September 28, 2007 . . . I reported to CBS to register. . . At approximately 10:30 a.m. Jeanette (employee at CBS Personnel) called me in a room (incidently she left the door open while other clients were waiting to be interviewed) and she stated,

3

"I hate to be the bearer of bad tidings but they don't want you back." I stated, "Who does not want me back?" Jeanette stated, "Center for Health Equity." I stated, "I just talked to them and told them I would be in soon and they are the people that wanted me to register because Dr. Lauri Andress stated that I did good work." Jeanette stated, "Well they don't want you back." I then stated, "Do you mean I am not supposed to go to my job today?" Jeanette stated, "Yes." I stated, "I need to go pick up my things." Jeanette stated, "you can go pick up your things, but you are not supposed to work today, they don't want you back. . . . When I arrived home I called Tony at Kelly and told him what CBS Personnel had stated. Tony said, "Connie I don't know what is going on, CBS is telling our people different things and technically our contract does not run out until 5:00 p.m. today." . . . After speaking with Tony, I called CBS Personnel from my home on September 28, 2007, and spoke with Jeanette. Jeanette repeated what she told me at their office. I taped the conversation of Jeanette illegally terminating me on September 28, 2007, though I had not started working for her company and would not start working for her company until October 1, 2007. I was still employed by Kelly, therefore I could have worked the entire day and was illegally fired by Jeanette. After this occurred I went to Human Rights Commission and filed a complaint. I do know that this termination is connected with a conspiracy that I have been dealing with in Kentucky for several years, please see the following regarding occurrences at Center for Health Equity.

Plaintiff then goes on to detail various problems she experienced with her work telephone, email, and computer after a Bell South worker came to the Center for Health Equity and requested a key to the basement and then did some sort of work on a "box."

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 28 U.S.C. § 623(a)(1). This extends to claims that an employer "fail[ed] or refuse[d] to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Although Plaintiff does not cite Title VII in her complaint, she does allege "racism." Because the Court is required to liberally construe *pro se* pleadings, it construes Plaintiff's complaint as alleging that Defendants violated Title VII when

they refused to hire her so that she could continue her job at the Center for Health Equity.

In *Seay v. TVA*, 339 F.3d 454, 463 (6th Cir. 2003), the Sixth Circuit set forth the *prima facie* elements that a plaintiff must allege to state a Title VII case: (1) that she is a member of a protected class; (2) that she applied for, and did not receive, a job; (3) that she was qualified for the job; and (4) that a similarly-situated person who was not in the plaintiff's protected class received the job. In this case, Plaintiff has not alleged that she is a member of a protected class. Even assuming that she had made such an allegation, she has failed to allege that her job was given to a similarly-situated person that is not a member of her class. Furthermore, Plaintiff has not alleged any facts from which the Court could plausibly conclude that Plaintiff was the victim of racism or that Defendants were part of any conspiracy to discriminate against Plaintiff on the basis of race. Her allegations of "racism" and "conspiracy" are the type of conclusory, "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court recently held was insufficient under Rule 8. *See Ashcroft*, 129 S.Ct. at 1948; *Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 786 (6th Cir. 2007) (dismissing age discrimination claim for failing to allege facts sufficient to create a reasonable inference that the plaintiff was terminated because of age).

For these reasons, the Court will grant Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4412.008